FILED

03 FEB 21 PM 2:54

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 21 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BETTY SMITH, et al., )
)
    Plaintiffs, )
)
v. )    CIVIL ACTION NO.
)
)    02-AR-0585-S
SURESH PATEL (a/k/a SONNEY )
PATEL, a/k/a SURESH DAYAL), et )
al., )
)
    Defendants. )
)
)

**MEMORANDUM OPINION**

    Before the court is a motion for partial summary judgment filed by plaintiffs Betty Smith ("Smith"), Ronald Braxton ("Braxton"), and Stephen Molton ("Molton") (collectively "plaintiffs"), asserting that no genuine issue of material fact exists as to the liability of defendant Suresh Patel ("Patel") to plaintiffs. The plaintiffs concede that there remains a genuine issue of material fact as to the amount of damages to be assessed against Patel. Patel's response to plaintiffs' motion for summary judgment was due on February 14, 2003. Patel's request for an extension was denied and he failed to respond. Answering one question will decide whether Patel is liable. That questions is: "Was Patel the 'employer' of plaintiffs during the relevant time period?" The answer is "Yes".

    On March 6, 2002, plaintiffs brought this action under the

Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), against Patel, Letap Airport Corporation, Inc. ("Letap"), and B&J Radha Hospitality, LLC ("B&J Radha"). On July 12, 2002, plaintiff Braxton amended his complaint to add a claim of retaliation. Because such a claim requires proof of intent it cannot be decided on summary judgment against Patel without undisputed evidence of intent.

On November 1, 2002 the court entered a default judgment against defendants Letap and B&J Radha for their failure to respond to plaintiffs' discovery requests. The question of the liability of Letap and B&J Radha, including liability to Braxton for retaliatory conduct, accordingly was adjudicated in favor of plaintiffs, reserving for jury resolution only the question of damages to be assessed against those two defendants. On November 18, 2002, the court denied the said two defendants' motion to set aside the partial judgment.

## Statement of Undisputed Facts

All three plaintiffs were so called "non-exempt" employees of a motel as that term is understood in FLSA, which places obligations on employers. This issue was decided against the corporate defendants by default and is undisputed by Patel. Braxton and Smith worked for some weeks in excess of 40 hours and were not paid overtime at the rate of 1 and ½ times their regular rate of pay as required by the FLSA.

2

Patel admitted in his deposition that Smith worked at least some time over 40 hours in a one week period and that she worked some weeks for seven days. Plaintiffs also offered as evidence Smith's time cards which indicate numerous weeks that she worked in excess of 40 hours. With respect to Braxton, Patel testified that he also worked in excess of 40 hours for at least a few weeks.  Patel denies that Molton ever worked in excess of 40 hours per week. Plaintiffs point out, however, that Patel has no time sheet to support his testimony in this regard.

Patel was the motel manager and was a "hands on" manager. He counted the money; he managed the money; he made salary determinations;  he personally paid the workers; he cashed the checks; he supervised the employees; and he set the number of hours people were going to work. Patel also has some degree of ownership interest in the two corporate defendants that owned the motel property. When asked if he was the sole shareholder of B&J Radha and/or Letap, Patel enigmatically testified he would "write that and give that information too." He did admit he was President and Secretary of B&J Radha, President of Letap and on the board of directors of both entities.

## Analysis

The FLSA, 29 U.S.C. § 203(d), defines an "employer" as follows:

> 'Employer' includes any person directly or indirectly in the interest of an employer in relation to an

3

employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

In *Patel v. Wargo,* 803 F.2nd 632 (11th Cir. 1986), the Eleventh Circuit held that whether individuals are employers within the meaning of the FLSA is a legal question. The court cited *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir. 1983), for the following proposition: "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." The *Donovan* court also held that corporate officers with a significant ownership interest who have operational control of significant aspects of the corporation's day to day functions and who personally make decisions to continue operations despite financial adversity during a period of nonpayment are employers within the meaning of the FLSA. *Donovan,* 712 F.2d at 1514. The *Patel* opinion went on to state: "To be personally liable, an officer must either be involved in the day-to-day operations or have some direct responsibility for the supervision of the employee." *Patel,* 803 F.2d at 638.

Plaintiffs have clearly demonstrated that Patel is an employer under the FLSA. Accordingly, summary judgment in favor of plaintiffs on the question of Patel's liability to them, except for retaliation, is due to be granted. Plaintiffs concede

4

that the exact amount of the time they worked and the exact amounts due to them in wages are matters of dispute and that a final money judgment cannot be entered now.

## Conclusion

By separate order, plaintiffs motion for partial summary judgment will be granted.

DONE this 21st day of February, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT